UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANTOS ANDRE GONZALES, on behalf of
himself and all those similarly situated,

                                               **COMPLAINT**

                Plaintiff,

                                               **Docket No.: 14-CV-2824**

    -against-

                                               Jury Trial Demanded

LOVIN OVEN CATERING OF SUFFOLK, INC. and
LOVIN OVEN CATERING OF SUFFOLK, LLC and
LOVIN' OVEN CATERING OF SUFFOLK, LLC and
LOVIN' OVEN/LANDS END CORP. and LOVIN'
OVEN MOTEL ASSOCIATES, LLC and LOVIN'
OVEN/FELICE'S CORP. and GERARD SCOLLAN,
in his individual and professional capacities,

                Defendants.
------------------------------------------------------------------X

       SANTOS ANDRE GONZALES ("Plaintiff"), on behalf of himself and all others similarly situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against LOVIN OVEN CATERING OF SUFFOLK, INC. and LOVIN OVEN CATERING OF SUFFOLK, LLC and LOVIN' OVEN CATERING OF SUFFOLK, LLC and LOVIN' OVEN/LANDS END CORP. and LOVIN' OVEN MOTEL ASSOCIATES, LLC and LOVIN' OVEN/FELICE'S CORP. (all businesses collectively and simply as "Lovin Oven"), and GERARD SCOLLAN ("Scollan"), in his individual and professional capacities, (all together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon flagrant and willful violations committed by the Defendants of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law §652(1); (v) the requirement that employers furnish employees with wage statements containing specific categories of information under the NYLL, N.Y. Lab. Law § 195(3); and (vi) any other claims(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants performing duties including preparation for catering events, working catering events and cleaning up catering events from the summer of 2002 until Defendants terminated his employment in November 2013. Throughout his employment, as described below, Plaintiff worked either six or seven days per week, in shifts ranging from nine to twenty-one hours per day. However, Defendants failed to pay Plaintiff at any rate of pay, let alone the statutorily-required overtime or minimum wage rates of pay, for each hour that Plaintiff worked per week in excess of forty hours as required by the FLSA, the NYLL, and the NYCCRR. In addition, the Defendants failed to furnish Plaintiff with accurate and/or complete wage statements as required by the NYLL on each payday.

3. Defendants paid and treated all of their non-managerial, hourly employees in this manner.

4. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

5. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, which confers original jurisdiction on this Court for actions arising under 29 U.S.C. § 201, *et seq.*

7. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the events giving rise to the claims alleged in this action occurred in this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff Santos Andre Gonzales, a former employee of the Defendants, was and is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL and NYCCRR.

3

10. At all relevant times herein, Defendant Lovin Oven Catering of Suffolk, Inc. was a corporation organized under the laws of the State of New York with its principal place of business located at 80 Brown's River Road, Sayville, New York 11782.

11. At all relevant times herein, Defendant Lovin Oven Catering of Suffolk, LLC was a limited liability company organized under the laws of the State of Delaware and registered to operate in the State of New York with a New York address at 80 Brown's River End, Sayville, New York 11782.

12. At all relevant times herein, Defendant Lovin' Oven Catering of Suffolk, LLC was and is a foreign limited liability company organized under the laws of the State of Delaware and registered to operate in the State of New York with a New York address at 80 Brown's River Road, Sayville, New York 11782.

13. At all relevant times herein, Defendant Lovin' Oven/Lands End Corp. was and is a corporation organized under the laws of the State of New York with its principal place of business at 80 Brown's River Road, Sayville, New York 11782.

14. At all relevant times herein, Defendant Lovin' Oven Motel Associates, LLC was and is a limited liability company organized under the laws of the State of New York with its principal place of business at 80 Browns River Road, Sayville, New York 11782.

15. At all relevant times herein, Defendant Lovin' Oven/Felice's Corp. was and is a corporation organized under the laws of the State of New York with its principal place of business at 80 Brown's River Road, Sayville, New York 11782.

16. At all relevant times herein, Defendant Gerard Scollan, was and is the chief executive officer of all of the above-named Defendants.

17. At all relevant times herein, the above-named corporate and limited liability company defendants conducted business under the "Lovin Oven" brand and under the ownership and day-to-day control and management of Defendant Gerard Scollan. For all purposes they acted as one corporate entity and share equally in the liability and responsibility to pay proper wages to their employees.

18. At all relevant times herein, all Defendants are "employers" and "persons" within the meaning of the FLSA and NYLL. Additionally, the Defendants' qualifying annual business exceeds $500,000 and the Defendants are engaged in interstate commerce within the meaning of the FLSA as they sold products and used supplies in the course of business that originated in states other than New York, are incorporated in states other than New York, and also serve a diverse clientele, routinely serving groups that originated in states other than New York, the combination of which subjects the Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs, are individually engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce and traveled to other states, including New Jersey to pick up materials for catering events. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid minimum wages, overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on his own behalf as well as those in the following class:

Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work at any of Defendants' locations as non-managerial employees who give consent to file a claim to recover damages for (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

20. The Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

21. At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

22. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek.

## RULE 23 CLASS ALLEGATIONS

23. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL, and the NYCCRR.

24. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

25. The Rule 23 Class that Plaintiff seeks to define includes:

   Current and former employees of Defendants who performed any work at any of Defendants' locations or for Defendants as non-managerial employees during the statutory period within the State of New York, who (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation; (3) were not issued accurate or any pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

### Numerosity

26. During the previous six years, Defendants have, in total, employed at least forty non-managerial employees that are putative members of this class.

Common Questions of Law and/or Fact

27. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective straight-time rates of pay for hours worked per week over forty or at the legally-prescribed minimum wage rate for each hour worked; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

28. As described in the facts section below, Defendants employed Plaintiff as a non-managerial, hourly worker. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants at one or more of their locations in excess of forty hours per week, as non-managerial employees

8

whom the Defendants paid on an hourly basis regardless of hours actually worked. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid their full straight-time rate for all hours worked up to forty, and one and one-half times their straight-time rates for all hours worked per week in excess of forty, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

29. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiff overtime pay for his hours worked over forty each week, or compensate Plaintiff for all hours worked, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiff is no longer employed with the Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

30. Plaintiff has no material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

31. Any lawsuit brought by a non-managerial, hourly employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

32. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under FRCP 23(b)(3).

33. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

34. Defendants operate catering halls and provide catering services for special events in multiple locations throughout the State of New York.

35. Defendant Gerard Scollan is the owner and chief executive officer of the above-named corporate and limited liability company defendants and is the individual responsible for the daily management and operation of the Defendants.

36. Defendant Gerard Scollan, in his capacity as chief executive officer, was and is responsible for setting rates of pay, work schedules, job duties and other terms and conditions of Plaintiff's employment.

37. Plaintiff commenced his employment with Lovin Oven in the summer of 2002. From the beginning of his employment in 2002 through 2006, Plaintiff provided laundry services for Defendants. In 2007, Plaintiff's job responsibilities transitioned to working catering events.

From 2007 until Defendants terminated Plaintiff's employment in November 2013, Plaintiff's job responsibilities included: picking up tables, chairs, flowers, food and other materials necessary for Defendants' catering events from vendors; transporting the materials to the location of the event; setting up the kitchen and venue for the catering event; bussing tables and picking up garbage during the events; cleaning after the event; returning materials to vendors; and cleaning dishes.

38. From 2007 until Defendants' terminated Plaintiff in November 2013, Plaintiff worked the following work schedule. On Mondays through Thursdays, Plaintiff worked from 8:00 a.m. until 5:00 p.m. and typically received one of those days off. On Fridays through Sundays, Plaintiff either worked from 8:00 a.m. until 3:00 a.m. the following day or from 5:00 a.m. or 6:00 a.m. until 1:00 a.m. or 2:00 a.m. the following day. Thus, adding up those hours, in each week during his employment, the Defendants required Plaintiff to work, and Plaintiff did in fact work, as few as eighty-four and as many as ninety hours per week.

39. For each week of work throughout his employment with Defendants, and as important here, for each week within the six year period pre-dating the filing of this Complaint, the Defendants paid Plaintiff at an hourly rate that computes to ten dollars per hour. The Defendants only paid Plaintiff this rate for his first forty hours worked each week. The Defendants did not compensate Plaintiff at any rate of pay, let alone at the statutorily required minimum wage or overtime rates, for any hours that Plaintiff worked per week in excess of forty.

40. Defendants paid Plaintiff via check on a weekly basis and failed to provide Plaintiff with any wage statements in complete violation of the NYLL.

41. All of Defendants' employees, including FLSA Plaintiffs and Rule 23 Plaintiffs, worked similar hours to Plaintiff, were not compensated at the legally mandated overtime rate for hours worked per week in excess of forty, were not compensated with the minimum wage for each hour worked, and were not provided with accurate and complete wage statements on each payday.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

42. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

44. As described above, all Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

46. The Defendants willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 206 requires employers to compensate their employees at a rate not less than the Federally-mandated minimum wage, which at all times within the FLSA limitations period as it pertains to this lawsuit, was $7.25 an hour.

51. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's minimum wage provisions.

53. The Defendants willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to pay at minimum wage for all hours worked per week up to forty, and at the rate of one and one-half times minimum wage for hours worked in excess of forty in a workweek.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and NYCCRR*

56. Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

58. As described above, all Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

59. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

60. The Defendants willfully violated the NYLL and NYCCRR.

61. Plaintiff and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

62. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and NYCCRR*

63. Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 652 and NYCCRR tit. 12, § 141-1.3 require employers to compensate their employees at a rate not less than $7.15 an hour on and after January 1, 2007; $7.25 an hour on and after July 24, 2009; and $8.00 an hour on and after December 31, 2013.

65. As described above, all Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

66. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's minimum wage provisions.

67. The Defendants willfully violated the NYLL and NYCCRR.

68. Plaintiff and Rule 23 Plaintiffs are entitled to minimum wage pay for all hours worked per week up to forty in a workweek and one and one-half times their hourly wage rate for all hours worked in excess of forty in a workweek.

69. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

70. Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

72. As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

73. Pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure to provide an accurate and/or complete wage statement.

74. In addition to statutory penalties, Defendants are also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## DEMAND FOR A JURY TRIAL

75. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws and supporting regulations;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. Awarding Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

f.  Designation of Plaintiff and his counsel as class/collective action representative under the FLSA and Rule 23;

g.  Pre-judgment and post-judgment interest, as provided by law; and

h.  Granting Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
May 5, 2014

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By:  /S/ Jeffrey Douglas, Esq.
JEFFREY DOUGLAS (JD 8154)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)