# BORRELLI & ASSOCIATES

## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax 212.679.5005 | Fax No. 516.248.6027 |

October 30, 2015

*Via ECF*
The Honorable Steven I. Locke
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:    *Santos Andre Gonzales v. Lovin' Oven Catering of Suffolk, Inc., et al.*
              *Case No.: 14-CV-2824 (DRH) (SIL)*

Dear Judge Locke:

      This firm represents Plaintiff Santos Andre Gonzales in the above-referenced wage and hour action.  We write to inform Your Honor that pursuant to the Conference on October 26, 2015 and the subsequent Order dated October 28, 2015, the parties have made the following changes to the Settlement Agreement:

1. In Section 5, the language "and any other actions and/or claims against the Defendants, known or unknown" has been removed from the Plaintiff's release.

2. The Section entitled "Confidentiality," which was Section 9 in the Settlement Agreement submitted to the Court on September 24, 2015 (Docket No. 33) has been completely stricken from the Agreement.

3. The Section entitled "Neutral Reference," which was Section 10 in the Settlement Agreement submitted to the Court on September 24, 2015 (Docket No. 33) has been completely stricken from the Agreement.

      The revised Settlement Agreement has been executed by all parties and is attached for the Court's review.  The parties' Proposed Order is attached hereto as well.

We thank the Court for its attention to this matter.

Respectfully submitted,

Alexander T. Coleman, Esq.
*For the Firm*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SANTOS ANDRE GONZALES, on behalf of
himself and all those similarly situated,

                           Plaintiff,

        -against-

LOVIN OVEN CATERING OF SUFFOLK, INC. and
LOVIN OVEN CATERING OF SUFFOLK, LLC and
LOVIN' OVEN CATERING OF SUFFOLK, LLC and
LOVIN' OVEN/LANDS END CORP. and LOVIN'
OVEN MOTEL ASSOCIATES, LLC and LOVIN'
OVEN/FELICE'S CORP. and GERARD SCOLLAN,
in his individual and professional capacities,

                         Defendants.
-------------------------------------------------------------------X

**Case No.:**
**14-CV-2824(DRH)(SIL)**

**SETTLEMENT AGREEMENT**
**AND RELEASE**

      **WHEREAS**, Plaintiff Santos Andre Gonzales commenced this action in the within Court

by the filing of a Complaint dated May 5, 2014 alleging claims under both the Fair Labor

Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, and the New York Labor Law wherein

Gonzales claimed that, among other things, Defendants, Lovin Oven Catering of Suffolk, Inc.,

Lovin Oven Catering of Suffolk, LLC, Lovin' Oven Catering of Suffolk, LLC, Lovin'

Oven/Land's End Corp., Lovin' Oven Motel Associates, LLC, Lovin' Oven/Felice's Corp. and

Gerard Scollan allegedly failed to pay Plaintiff proper overtime compensation;

      **WHEREAS**, Defendants filed an Answer to the Complaint on July 21, 2014 denying the

Plaintiff's allegations and asserting numerous defenses and Defendants continue to deny the

allegations of Plaintiff;

      **WHEREAS**, without admitting or conceding any liability or damages whatsoever and

without admitting that any overtime or other wages were improperly withheld, the parties have

1

agreed to settle this litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing litigation.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, Plaintiff Santos Andre Gonzales and his collective heirs, executors, administrators, attorneys, and assigns ("Plaintiff" or "Gonzales") and Defendants Lovin Oven Catering of Suffolk, Inc., Lovin Oven Catering of Suffolk, LLC, Lovin' Oven Catering of Suffolk, LLC, Lovin' Oven/Land's End Corp., Lovin' Oven Motel Associates, LLC, and Lovin' Oven/Felice's Corp. on behalf of themselves, their parents, subsidiaries, affiliates, successors, shareholders, members, related entities, directors, officers, employees, representatives, agents and assigns, and Defendant Gerard Scollan, and his heirs, executors, administrators, attorneys, and assigns (collectively "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

1.     **Preliminary Matters**.   Plaintiff acknowledges and agrees that he: (a) has reviewed the terms of this Agreement; (b) has had the opportunity to confer with his legal counsel, Borrelli & Associates, PLLC ("Plaintiff's Attorneys"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement; (c) has had the opportunity to consider their advice with respect to the foregoing and following Agreement; and (d) is entering into this Agreement voluntarily and with a full understanding of its terms.

2.     **No Admission of Liability**. The parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of the matters set forth in the Complaint entitled Gonzales v. Lovin Oven Catering of

Suffolk, Inc., et al., No. 14-cv-2824, filed in the United States District Court for the Eastern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiff's employment relationship with Defendants and/or the separation or termination of that employment relationship. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of this Agreement as set forth herein.

3.      **Dismissal of Pending Action**. For and in consideration of the promises outlined in Paragraph 4 and elsewhere in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (a) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action by executing and filing the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A; and (b) not to re-file any of the causes of action set forth in the Pending Action.

4.      **Consideration**. Defendants agree to pay Plaintiff the total sum of SEVENTY THOUSAND Dollars ($70,000.00) (the "Settlement Sum") as set forth and subject to the provisions below. Plaintiff agrees that he has no entitlement to any wages, compensation, overtime payments, bonuses, commissions, tips, gratuities, service charge payouts, severance pay, vacation pay, or other monies, benefits, damages, attorneys' fees or costs from Defendants in connection with the settlement of the Pending Action, except as specifically provided in this Settlement Agreement.

5.      **Release by Plaintiff.**   In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, knowingly and voluntarily, fully and forever

3

releases, relieves, waives, relinquishes, and discharges Defendants from all actions and/or claims for unpaid overtime or wages brought under the New York Labor Law and the Fair Labor Standards Act and which he may have as of the date of this Agreement, including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to Defendants' payment of wages to Plaintiff during Plaintiff's employment with Defendants, except claims for unemployment compensation and/or worker's compensation. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants, and it does not release or discharge any claims that may occur after that date. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over the claims asserted in the Pending Action.

6.     **Plaintiff's and Defendants' Responsibility for Taxes**. Plaintiff understands and agrees that, with respect to certain sums received under this Agreement as set forth below in paragraph 7, Defendants are not withholding federal, state or local income taxes, FICA, Social Security, Medicare, or any other withholding, and Plaintiff therefore agrees to pay and assume full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid, if any, under any federal or state laws of any kind, with respect to the monies to be paid to Plaintiff pursuant to this Agreement in which withholdings have not been made by Defendants. Plaintiff further agrees to indemnify and hold Defendants harmless from all liabilities for not withholding the foregoing tax items from the payments to him and to pay Defendants' costs and expenses including, without limitation, attorneys' fees, incurred if such a claim is made against Defendants.

7.     **Payment**.

4

The Settlement Sum, totaling $70,000.00, shall be divided amongst Plaintiff and Plaintiff's Attorneys as follows (each individual payment, a "Settlement Share"):

Borrelli & Associates, P.L.L.C. -- $28,977.15

Santos Andre Gonzales -- $41,022.85

The Settlement Sum shall be paid in the form of three (3) checks, as follows: Defendants will issue two checks to Gonzales – one check in the sum of $13,674.55, minus all necessary withholdings with respect to federal, state or local income taxes, FICA, Social Security, Medicare, and/or any other required withholdings to be treated as back wages and subject to Form W-2 reporting – and one check in the sum of $27,348.30 with no withholdings to be treated as liquidated damages, prejudgment interest, and statutory fines/penalties and subject to Form 1099 reporting. Defendants will issue a third check in the amount of $28,977.15, representing expenses and attorney's fees, and made payable to "Borrelli & Associates, P.L.L.C." without any taxes withheld.  This third check represents settlement of any and all claims for legal fees and costs due to Plaintiff's Attorneys and shall be reported on an IRS Form 1099.  Defendants shall issue checks payable to Plaintiff and to Plaintiffs' Attorneys as set forth above in full satisfaction of the Settlement Sum within seven (7) days of Defendants' receiving notice that the Court in the Pending Action has endorsed the parties' attached Stipulation and Order of Dismissal with Prejudice.

All settlement checks shall be sent directly to Borrelli & Associates, P.L.L.C. at 1010 Northern Boulevard, Suite 328, Great Neck, New York.

8.   **Non-Disparagement.**   Plaintiff and Defendants agree that they will not make statements or take any actions, from the date of this Agreement forward which (i) in any way could disparage the other party, (ii) could foreseeably harm the reputation and/or good will of the

other party, or (iii) in any way, directly or indirectly, could knowingly cause, encourage or condone the making of such statements or the taking of such actions by anyone else.

9.    **Knowing and Voluntary Release of Claims.** Plaintiff acknowledges and agrees that he:

        a.  has carefully read this Agreement and he fully understands its meaning;

        b.  is hereby being advised to consult with an attorney before signing this Agreement, and that he has in fact consulted with Plaintiff's Attorneys regarding this Agreement;

        c.  is receiving benefits which would not otherwise be available to him but for his agreement to enter into this Agreement; and

        d.  is signing this Agreement, knowingly, voluntarily, and without any coercion or duress.

10.    **Governing Law.**  The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws.

11.    **Headings.**  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

12.    **Attorneys' Fees and Costs.**  It is agreed that each party shall bear its own costs and attorneys' fees incurred in conjunction with the Pending Action and with the negotiation and preparation of this Agreement, except as otherwise specifically enumerated above.

13.    **Other Acknowledgments.** It is further understood and agreed that the sum of Seventy Thousand Dollars ($70,000.00) and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby.  Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord, and in accordance with his own judgment, and after consultation with Plaintiff's Attorneys. Plaintiff hereby states that he and his

counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore states that he has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement and that Plaintiff is executing this Agreement knowingly and voluntarily.

14. **Venue**. The parties hereto acknowledge that any dispute over the terms of this Agreement shall be heard in a court of competent jurisdiction in Suffolk County, New York and the parties expressly consent to the jurisdiction of such courts.

15. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

16. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

17. **Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. An executed copy of this Agreement, transmitted by facsimile or e-mail shall be accepted and enforceable as if it were an original.

7

Signed and agreed to by:

PLAINTIFF:

_____                    10/27/15
SANTOS ANDRE GONZALES                              Date


DEFENDANTS:

_____                    _____
LOVIN OVEN CATERING OF SUFFOLK, INC.               Date


_____                    _____
LOVIN OVEN CATERING OF SUFFOLK, LLC                Date


_____                    _____
LOVIN' OVEN CATERING OF SUFFOLK, LLC               Date


_____                    _____
LOVIN' OVEN/LAND'S END CORP.                       Date


_____                    _____
LOVIN' OVEN MOTEL ASSOCIATES, LLC                  Date


_____                    _____
LOVIN' OVEN/FELICE'S CORP.                         Date


_____                    _____
GERARD SCOLLAN                                     Date

8

Signed and agreed to by:

PLAINTIFF:

_____                          _____
SANTOS ANDRE GONZALES                                     Date

DEFENDANTS:

_____                          10/27/15
LOVIN OVEN CATERING OF SUFFOLK, INC.                      Date

_____                          10/27/15
LOVIN OVEN CATERING OF SUFFOLK, LLC                       Date

_____                          10/27/15
LOVIN' OVEN CATERING OF SUFFOLK, LLC                      Date

_____                          10/27/15
LOVIN' OVEN LAND'S END CORP.                              Date

_____                          10/27/15
LOVIN' OVEN MOTEL ASSOCIATES, LLC                         Date

_____                          10/27/15
LOVIN' OVEN FELICE'S CORP.                                Date

_____                          10/27/15
GERARD SCOLLAN                                            Date

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANTOS ANDRE GONZALES, on behalf of
himself and all those similarly situated,

                              Plaintiff,

                    -against-                          **Docket No.:**
                                                       **14-CV-2824(DHR)(SIL)**

LOVIN OVEN CATERING OF SUFFOLK, INC. and
LOVIN OVEN CATERING OF SUFFOLK, LLC and             **PROPOSED ORDER**
LOVIN' OVEN CATERING OF SUFFOLK, LLC and
LOVIN' OVEN/LANDS END CORP. and LOVIN'
OVEN MOTEL ASSOCIATES, LLC and LOVIN'
OVEN/FELICE'S CORP. and GERARD SCOLLAN,
in his individual and professional capacities,

                              Defendants.
------------------------------------------------------------------X

        AND NOW, THIS _____ DAY OF _____, 2015, the Court, having reviewed the

settlement agreement that the parties submitted in the case of *Santos Andre Gonzales v.*

*Defendants Lovin Oven Catering of Suffolk, Inc. and Lovin Oven Catering of Suffolk, LLC and*

*Lovin' Oven Catering of Suffolk, LLC and Lovin' Oven/Lands End Corp. and Lovin' Oven Motel*

*Associates, LLC and Lovin' Oven/Felice's Corp. and Gerard Scollan, in his individual and*

*professional capacities*, and considered applicable case law, and for good cause shown, it is

**ORDERED, ADJUDGED** and **DECREED** that:

        1.      The Settlement Agreement and General Release between Santos Andre Gonzalez,

on the one hand, and Lovin Oven Catering of Suffolk, Inc., Lovin Oven Catering of Suffolk,

LLC, Lovin' Oven Catering of Suffolk, LLC, Lovin' Oven/Lands End Corp., Lovin' Oven Motel

Associates, LLC, Lovin' Oven/Felice's Corp., and Gerard Scollan, in his individual and

professional capacities, on the other hand, (together the "Parties"): (a) is fair to all Parties;

(b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of

the Plaintiff's claims; and (c) demonstrates a good faith intention by the Parties that the Plaintiff's claims for liability and damages be fully and finally resolved, and not re-litigated in whole or in part at any point in the future. The Agreement is therefore **APPROVED** by the Court.

2.      The lawsuit and the claims of Santos Andre Gonzalez against Lovin Oven Catering of Suffolk, Inc., Lovin Oven Catering of Suffolk, LLC, Lovin' Oven Catering of Suffolk, LLC, Lovin' Oven/Lands End Corp., Lovin' Oven Motel Associates, LLC, Lovin' Oven/Felice's Corp., and Gerard Scollan, in his individual and professional capacities are **DISMISSED WITH PREJUDICE** in their entirety without fees or costs except as agreed to by the parties in the Settlement Agreement.

BORRELLI & ASSOCIATES, P.L.L.C.

By: _____
    Alexander T. Coleman, Esq.
    1010 Northern Boulevard, Suite 328
    Great Neck, New York 11021
    P: 516.248.5550
    F: 516.248.6027
    ATC@employmentlawyernewyork.com
    Attorneys for Plaintiff

CAMPOLO, MIDDLETON & MCCORMICK, LLP

By: _____
    Jeffrey V. Basso, Esq.
    4175 Veterans Memorial Highway, Suite 400
    Ronkonkoma, New York 11779
    P: 631.738.9100
    F. 631.738.0659
    JBasso@cmmllp.com
    Attorneys for Defendants


_____
THE HONORABLE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE


Dated: Central Islip, New York
       _____, 2015